

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2008

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3893

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patel v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3893
_____

RITABAHEN GHANSHYAMBHAI PATEL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A97 436 268)
Immigration Judge:  Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2008

Before:  FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

(Filed: February 11, 2008 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Ritabahen Ghanshyambhai Patel seeks review of an order of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of her

request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In addition, she claims that she is entitled to relief because of ineffective assistance of counsel. For the reasons that follow, we will deny the petition.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Patel, a native and citizen of India, entered the United States on June 6, 2003, using her passport that contained a "fake green card stamp." The fake stamp was placed in her passport by a person referred to as an "agent" or "smuggler." Her stated motivation for coming to the United States was to be with Atul Kumar Patel ("Atul"), who is now her husband (they were not married at the time of her arrival). After Patel's arrival, the authorities acted on a tip from the couple to arrest and prosecute the smuggler who brought her to this country. Subsequent to the smuggler's arrest, an unidentified individual began making threatening phone calls to Atul, and at least one of the calls threatened harm to Patel. On December 18, 2003, the Department of Homeland Security notified Patel that removal proceedings had been instituted against her.

At her immigration hearing, Patel asserted that the threats made indirectly to her supported a finding that she qualified for asylum, protection under the CAT, and/or withholding of removal. With her attorney, Jonathan Saint-Preux, Patel argued that the

2

threats against her and her husband supported a finding that she would be subject to harm at the hands of the alleged smuggling ring if she returned to India. Therefore, she argued that she had demonstrated a well-founded fear of future persecution.

The IJ denied asylum, finding that Patel failed to satisfy the requirements. The IJ stated that Patel failed to present evidence that the threat she faced was from an individual whom the government of India was unable or unwilling to control. Additionally, the IJ found that Patel presented no evidence that she was being targeted on account of her race, religion, nationality, membership in a particular social group, or political opinion.

The IJ also denied her application for withholding of removal and protection under the CAT. Withholding of removal was denied because the IJ concluded that the evidence of phone calls from an unknown source did not establish a well-founded fear of future persecution. The IJ denied her CAT claims because Patel did not identify any fear of harm that would come at the hands of public officials in India or from someone acting with the consent or acquiescence of public officials.

Patel, assisted by new counsel, appealed the IJ's decision to the BIA. In addition to arguing that she merited the relief she sought, she made a claim of ineffective assistance of counsel. She stated that her husband, Atul, was prepared to testify before the IJ, but her attorney failed to call him as a witness for reasons she does not understand. The hearing transcript reveals that the IJ expressed doubt as to the benefit of such testimony, and Patel's counsel agreed that Atul would not provide any new information.

3

Patel argues that Atul's testimony would have been helpful. In her appeal, Patel attached an affidavit from Atul, which states that Atul and Patel informed the U.S. government about the smugglers, and that Atul believes the smugglers have been deported and are in Gujarat, where the Indian government is unable and unwilling to control them.

The BIA affirmed the decision of the IJ on all grounds, rejecting Patel's claim of ineffective assistance of counsel because she failed to satisfy the procedural requirements laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)). The BIA further concluded that even if she had fulfilled *Lozada*'s procedural requirements, there was no evidence that she suffered prejudice as a result of her attorney's conduct. Patel filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). In cases where the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, the Court reviews the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review the IJ's decision and the BIA's affirmance under the deferential "substantial evidence" standard. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). A finding is not supported by substantial evidence only where "no reasonable fact finder could make that finding on the administrative record." *Id.*

In order to qualify for asylum, an individual must prove that she has "a well-founded fear of persecution on account of race, religion, nationality, membership in a

4

particular social group, or political opinion." 8 U.S.C § 1101(a)(42)(A). However, "any claim of persecution, violence or other harm . . . does not constitute persecution unless such acts are 'committed by the government or forces the government is either 'unable or unwilling' to control." *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (quoting *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003)). In order to qualify for withholding of removal, the applicant must demonstrate a "clear probability" that persecution will result if the applicant is removed to a particular country. *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984).

In order to qualify for relief under the CAT, the applicant must present evidence establishing "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). An act is not considered torture if it is not "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 208.18.

The parties dispute whether Patel effectively made a motion to reopen and remand before the BIA when she asserted an ineffectiveness of counsel claim. We agree with the government that because Patel stated new facts supported by affidavits when raising that claim, she effectively made a motion to reopen. *See* 8 C.F.R § 1003.2(c)(1). Patel's motion to reopen was made while she had an appeal pending and therefore "may be deemed a motion to remand." 8 C.F.R. § 1003.2(c)(4). "[W]e review the [BIA's] denial of a motion to reopen [and remand] for abuse of discretion." *Fadiga v. Att'y Gen.*, 488

5

F.3d 142, 153 (3d Cir. 2007) (quoting *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004)).

"However, we review de novo the Board's determination of an underlying procedural due process claim," such as a claim of ineffective assistance of counsel. *Id.*

In order to argue ineffectiveness of counsel in support of a motion to reopen, an alien must fulfill certain procedural requirements:

> The alien must (1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond (this response should be submitted with the alien's pleading asserting ineffective assistance); and (3) state "whether a complaint has been filed with appropriate disciplinary authorities regarding [the allegedly deficient] representation."

*Fadiga*, 488 F.3d at 155 (quoting *Lozada*, 19 I. & N. Dec. at 639). If a complaint is not filed, as required under the third *Lozada* requirement, then the applicant must provide a reasonable explanation why not. *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001).

In addition to meeting the procedural requirements, an alien claiming ineffective assistance of counsel must meet two substantive requirements, showing "(1) that [she] was prevented from reasonably presenting [her] case and (2) that substantial prejudice resulted." *Fadiga*, 488 F.3d at 155 (internal quotation marks and citation omitted).

III.

Patel argues that the IJ's decision and the BIA's affirmance were not based on substantial evidence. She states that she presented sufficient evidence that she was a member of a social group: those who experience human smuggling and testify against the

6

smugglers. Patel claims that the BIA took a "strained and unsubstantiated" view of the evidence.

Regardless of whether Patel is a member of a social group, she has failed to present any evidence that would show that the government of India is either unable or unwilling to control the smugglers who would allegedly persecute her, or would consent or acquiesce in such persecution. Because of the lack of credible evidence in the record, we are unable to conclude that it was unreasonable for the IJ and BIA to find that she failed to satisfy the asylum requirements.

Having failed to satisfy the asylum requirements, Patel has necessarily failed to satisfy the more stringent requirements for withholding of removal. *Chen*, 376 F.3d at 223. In addition, it was not unreasonable for the IJ and BIA to conclude that Patel is not eligible for CAT protection because she failed to establish that it is more likely than not that she would be tortured at the instigation of, or with the consent or acquiescence of, the Indian government.

With respect to her ineffective assistance claim, Patel argues that the BIA erred in its conclusion that the procedural *Lozada* requirements had not been fulfilled. She argues that her explanation for not filing a complaint was reasonable and therefore that requirement should have been excused. The reasons Patel supplied are lack of language proficiency and legal knowledge, distance from counsel, lack of adequate time, and potential sanctions that may result from the filing of frivolous disciplinary complaints.

7

Patel's new counsel, retained after the IJ's decision, was responsible for helping her to negotiate the immigration appeals system. The challenges she faced are the challenges that are faced by many in immigration proceedings. If we were to accept the explanation that there is not enough time to draft an appellate brief and complaint concurrently, *Lozada*'s third procedural requirement would be rendered a nullity, because every immigrant claiming ineffective assistance of counsel is faced with time constraints and a presumed unfamiliarity with the U.S. legal system. After a de novo review of the record, we agree with the BIA that Patel's ineffective assistance claim is procedurally barred.

Even if the *Lozada* procedural requirements were met, the record lacks sufficient evidence that Patel suffered prejudice as a result of her former counsel's performance. Patel asserts that her husband's testimony in court was necessary, yet his affidavit fails to link the threats to a public official or an individual the government is unwilling or unable to control. Therefore, even with the aid of her husband's testimony, Patel would have failed to satisfy the requirements for asylum, withholding of removal, and relief under the CAT. Finally, Patel claims her attorney erred by not arguing that the state-created danger doctrine is applicable in her case. This argument also fails, as the state-created danger doctrine is not applicable to immigration proceedings. *Kamara v. Att'y Gen.*, 420 F.3d 202 (3d Cir. 2005).

## IV.

For the foregoing reasons, we will deny Patel's petition for review.